UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| David Edward Palmer, II,<br>*Sui Juris, Jus Personam*, | File No. 25-cv-2340 (ECT/DJF) |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| Anoka County Manucipality [sic], *et al.*, | |
| Defendants. | |

Plaintiff David Edward Palmer, II, a state pretrial detainee, initiated this action with a complaint raising three unrelated categories of claims for relief. *See* Compl. [ECF No. 1] at 3 ("There are 3-separate incidents for this section."). The first series of claims related to an incident in which Palmer alleges he suffered burns and a scar after taking a too-hot shower at the county jail. The second series of claims related to Anoka County's alleged failure to provide medical care to another inmate—an incident, Palmer alleges, that caused him "mental & emotional trauma." The third series of claims consisted of various allegations that Palmer's criminal proceedings are being conducted unlawfully.

Shortly after filing his lawsuit, Palmer was warned by Magistrate Judge Dulce J. Foster that a litigant cannot cram unrelated claims against unrelated defendants into a single lawsuit. *See* ECF No. 4 (citing Fed. R. Civ. P. 20(a)(2)). Palmer was afforded an opportunity to settle on a specific category of claims that he intended to litigate in this proceeding against a single group of related defendants and to file an amended complaint

stating only those claims by no later than July 2, 2025, failing which, Magistrate Judge Foster warned, this action would be recommended for dismissal without prejudice for failure to prosecute. *See id.*

Palmer did not timely respond to the order, but a few days after the deadline established by Magistrate Judge Foster for filing an amended complaint had passed, Palmer filed a motion for a preliminary injunction and a request for additional time in which to file an objection to the order. The motion for an extension was granted, but Palmer filed neither an objection to the order[1] nor an amended complaint. Accordingly, consistent with the warning that had previously been given to Palmer, Magistrate Judge Foster recommended dismissal of this action for failure to prosecute. *See* ECF No. 14.

Since that time, Palmer has filed a series of documents, including an objection to the Report and Recommendation ("R&R") [ECF No. 15], an amended complaint [ECF No. 16], and a second motion for a preliminary injunction [ECF No. 18]. In the objection, Palmer contends that the various defendants named to this action are all correctly joined because all of the events at issue in his original complaint arise out of the same event—his arrest and subsequent detention. In his amended complaint, however, he does not include any allegations relating to two of the events at issue in his original complaint (the shower incident and the lack of medical care for another prisoner). *See* Am. Compl. [ECF No. 16] at 4. Instead, Palmer focuses his attack on the legality of the ongoing prosecution and now

---

[1]  Palmer did file an "objection" to various defenses that he anticipated might be raised by the opposing parties in this matter, *see* ECF No. 13, but he did not file an objection to the order directing him to amend his complaint or risk dismissal.

2

raises a new claim: That officials at the facility where he now resides are impeding his defense by denying him "unlimited access to his cell phone." *Id.* The sole relief sought in the amended complaint is dismissal of the criminal charges brought against Palmer. *Id.* Palmer continues to insist, however, that every defendant named in the original complaint remains a defendant to this action, including the Anoka County Jail employees whose only relationship to this case was with respect to the claims not mentioned in the amended complaint.

This matter is now before the Court on Palmer's objection to the R&R. *See* ECF No. 15. The Court has conducted a *de novo* review of the R&R and finds no error. The complaint initially filed by Palmer did not present a "question of law or fact common to all defendants," and the defendants named by Palmer were therefore misjoined. Palmer was given ample opportunity to choose from among his claims for relief and prosecute only a single related category of claims, but he refused to make a selection prior to the R&R being entered.

Rule 20(a)(2)'s command that plaintiffs prosecute within a single lawsuit only claims as to defendants among whom related questions of law or fact will arise applies in every case, but it has particular importance in lawsuits brought by prisoners. *See George v. Smith*, 507 F.3d 605, 607–08 (7th Cir. 2007). Palmer owes $350.00 for having initiated this lawsuit. *See* 28 U.S.C. § 1915(b). Had Palmer initiated three lawsuits, with each category of unrelated claims being brought properly within its own civil action, then Palmer would have owed the statutory filing fee three times—something he undoubtedly wanted to avoid. Had any of those three separate lawsuits been dismissed due to being

3

frivolous or malicious or for failing to state a claim on which relief may be granted, Palmer would have incurred a separate "strike" pursuant to 28 U.S.C. § 1915(g). And if Palmer incurred three or more strikes as a prisoner, he would have become largely ineligible for *in forma pauperis* ("IFP") status in federal court in any future litigation he might bring as a prisoner. Prisoners cannot avoid the consequences of § 1915 by combining what should be separate lawsuits into a single omnibus pleading.

In any event, Palmer has now filed an amended complaint. The new pleading was filed after Magistrate Judge Foster's deadline had passed, but a litigant may amend his pleading once as a matter of course in the earliest stages of litigation, *see* Fed. R. Civ. P. 15(a)(1), and therefore the amended complaint has now become operative. Accordingly, whether the defendants to this action continue to be misjoined must now be determined in reference to the amended complaint rather than the initial complaint.

Unfortunately, the amended complaint is ambiguous regarding its scope. Palmer no longer refers to his claims that Anoka County Jail officials violated his constitutional rights by having him take a shower that was too hot or by failing to provide medical care to another inmate. But Palmer insists that every defendant named in the original complaint remains a defendant to this action, even though many of those defendants have no relationship to the factual allegations expressly raised in the amended complaint. *See* Amended Complaint at 1. It is therefore not clear whether Palmer intended his amended complaint to be a *replacement* for his original complaint or a *supplement* to the original complaint.

4

If the amended complaint is merely a supplement to the original complaint, then everything in the R&R continues to apply with equal—indeed, greater—force. By adding allegations, claims, and defendants to this action, Palmer would have done nothing to cure the problem with his original complaint, which had already brought too many unrelated claims against too many unrelated defendants. This was a problem calling for subtraction, not addition.

If the amended complaint was intended instead by Palmer as a replacement of the original complaint, then the problems identified by the R&R have been mooted—but with new problems arising. First, if Palmer in fact has set aside his claims related to conditions at Anoka County Jail, then his insistence that the defendants who were named in the original complaint owing to their role in the events at Anoka County Jail is frivolous, because there is no possible hope of Palmer succeeding in this lawsuit with respect to those defendants.

Second, the amended complaint does not so much solve the joinder problem as it does change the joinder problem. Previously, Palmer had wanted to litigate claims related to his detention at Anoka County Jail at the same time he attacked the criminal prosecution; now, Palmer wants to litigate claims attacking the conditions of his detention at the facility where he is now detained at the same time he attacks his criminal prosecution. This is not really an improvement—or at least it would not be an improvement from the perspective of joinder if Palmer had named even a single defendant employed by the facility where he is now detained.

5

Which leads to the third problem. Insofar as Palmer believes that a lack of "unlimited access" to his cell phone while in pretrial custody violates his constitutional rights, Am. Compl. at 4, he has not named a defendant, either in the original complaint or the amended complaint, who might be personally responsible for that purported misconduct. Palmer names countless persons as defendants to this lawsuit—the police officers who arrested him; the guards at the jail where he was confined when he started this action; the prosecutors; his own attorneys; the judges presiding over his criminal case— but he does not name as a defendant anyone with responsibility for the conditions at the facility where he now resides. To succeed on a claim under 42 U.S.C. § 1983, "a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." *See Washington v. Craane*, No. 18-cv-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")).

Finally, even if I regarded the amended complaint as a replacement rather than a supplement, and even if I disregarded the new conditions-of-confinement claims raised in the amended complaint (because no defendant relevant to those claims has been named), there would be a fourth problem: Federal courts are generally required to abstain from adjudicating claims whose litigation would interfere with state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971). All that would remain of this action are Palmer's claims attacking the ongoing state-court prosecution against him. Each of these claims, however, is squarely foreclosed by the *Younger* abstention doctrine. "When a plaintiff

seeks only injunctive or declaratory relief, the court should dismiss the federal suit if it finds abstention appropriate." *Grazzini-Rucki v. Knutson*, No. 13-cv-2477 (SRN/JSM), 2014 WL 2462855, at *16 (citing *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 481 (8th Cir. 1998)).

The Court adopts the R&R to the extent that if Palmer intended his amended complaint to be supplemental to his original complaint, then dismissal for failure to prosecute on the grounds identified by the R&R remains appropriate. If Palmer intended his amended complaint to replace his original complaint, then this matter is dismissed pursuant to 28 U.S.C. § 1915A(b) for the reasons just explained. Palmer's pending applications to proceed IFP are denied in light of the summary dismissal of this action, as are Palmer's motions for a preliminary injunction. *See Newton County Wildlife Ass'n v. U.S. Forest Serv.*, 113 F.3d 110, 113 (8th Cir. 1997) (noting that a motion for a preliminary injunction must be denied when a litigant has no likelihood of success on the merits of his claims). Palmer remains responsible for the $350.00 filing fee for this matter, which must be paid in installments over time. *See* 28 U.S.C. § 1915(b). Officials at the facility where Palmer now resides will be informed of this requirement, as will officials at any correctional facility where Palmer might subsequently be transferred, and those officials will be informed of their obligation to remit payments from Palmer's facility trust account in accordance with § 1915(b)(2) until his financial obligation is satisfied.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The July 30, 2025 Report and Recommendation [ECF No. 14] is **ACCEPTED IN PART**, as explained above.

2. This action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b) or, alternatively, Rule 41(b) of the Federal Rules of Civil Procedure.

3. The applications to proceed *in forma pauperis* of plaintiff David Edward Palmer, II [ECF Nos. 2, 10, & 17] are **DENIED**.

4. Palmer's motions for a preliminary injunction [ECF No. 7 & 18] are **DENIED**.

5. Palmer must pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Palmer is confined.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  September 2, 2025

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court